FILED
CLERK, U.S. DISTRICT COURT
MAY - 4 2009
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN CHARLES ST. AMAND, | ) NO. CV 00-5963-TJH(E) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER |
| SHERMAN BLOCK, et al., | ) |
| Defendants. | ) |

## BACKGROUND

On June 2, 2000, Plaintiff, proceeding pro se, lodged a civil rights complaint in this Court and submitted a declaration for leave to proceed in forma pauperis. On June 9, 2000, the Court denied leave to proceed in forma pauperis. Plaintiff appealed. On February 20, 2002, the United States Court of Appeals for the Ninth Circuit affirmed in part and reversed and remanded in part. See St. Amand v. Block, 34 Fed. App'x 283 (9th Cir. 2002).

///
///

As described more fully in this Court's Memorandum and Order of August 13, 2008, the Ninth Circuit's judgment was received in this Court over six years later, on May 7, 2008. On April 10, 2008, the District Judge issued an order notifying Plaintiff that the case would be reopened and ordering Plaintiff to file a new application to proceed in forma pauperis. On April 15, 2008, Plaintiff filed another request to proceed in forma pauperis.

On July 3, 2008, Plaintiff filed a First Amended Complaint. On July 9, 2008, the District Judge referred this case to the undersigned Magistrate Judge. On July 28, 2008, the Court granted Plaintiff's request to proceed in forma pauperis. On August 13, 2008, the Court issued a "Memorandum and Order" dismissing the First Amended Complaint with leave to amend.

On September 12, 2008, Plaintiff filed a Second Amended Complaint. On December 11, 2008, Defendants Sherman Block, Sheriff Leroy D. Baca, Jerry L. Harper, William G. Christiansen, Lieutenant Rogers, Sergeant Horwitz, Sergeant Robert Klein, Deputy James E. Zimmer, Deputy Delatorre, John H. Clark, M.D., Dr. Johnson, Supervising Nurse Barbara A. Marshall, Nurse Smith and Nurse Woods ("Defendants") filed a "Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, etc." ("Motion"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On February 11, 2009, Plaintiff filed an Opposition to the Motion. On February 12, 2009, Plaintiff filed an "Urgent Notice & Notice of Erratum" correcting an alleged error in the Opposition.

On February 26, 2009, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Defendants' Motion and dismiss the Second Amended Complaint with prejudice. On April 3, 2009, Plaintiff filed an Objection to the Report and Recommendation ("Objection").

**DISCUSSION**

In light of new factual allegations in Plaintiff's Objection, the Report and Recommendation is withdrawn. For the reasons discussed below, the Second Amended Complaint is dismissed with leave to amend.

The Second Amended Complaint alleges that, during the period Plaintiff was confined in the Los Angeles County Jail from January 5, 1998 until his release on April 13, 1999, various Defendants were deliberately indifferent to Plaintiff's allegedly serious medical needs by allegedly: (1) confiscating Plaintiff's property, including his crutches and prosthesis, thereby assertedly compelling Plaintiff to walk without these items and causing Plaintiff physical harm; (2) denying Plaintiff various medications, including pain medication; (3) failing to treat Plaintiff for a perforated appendix; (4) interfering with Plaintiff's medical treatment, including treatment following his appendectomy on October 2, 1998; and (5) ignoring Plaintiff's numerous appeals and requests for assistance. Plaintiff also alleges Defendants engaged in acts of retaliation in violation of the First Amendment. Plaintiff further alleges constitutional violations and violations of Title II of the Americans with Disabilities Act, 42 U.S.C. section 12321 et seq. ("ADA"), and

section 504 of the Rehabilitation Act, 29 U.S.C. section 794.[1] Defendants seek dismissal on the sole ground that Plaintiff's claims are barred by the statute of limitations.

In ruling on a motion to dismiss, the Court must take as true all factual allegations in the complaint, and must construe the complaint in the light most favorable to the plaintiff. See Yamaguchi v. Dep't of the Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997); Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994); Fed. R. Civ. P. 12(b)(6). The Court may consider matters properly the subject of judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court also may consider exhibits attached to the complaint. See Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A complaint is subject to dismissal if "the running of the statute [of limitations] is apparent on the face of the complaint." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Dismissal is proper "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Id.; see also Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995).

---

[1] Plaintiff also mentions the ADA provision governing discrimination in employment, 42 U.S.C. section 12112 (see Second Amended Complaint, p. 5), which does not apply to Plaintiff's circumstance. Although Plaintiff mentions only the provision of the Rehabilitation Act stating Congress's findings, purpose and policy in enacting that statute, 29 U.S.C. section 701, the Court construes the Second Amended Complaint as attempting to allege a claim for violation of section 504 of the Rehabilitation Act, 29 U.S.C. section 794.

1  The forum state's statute of limitations for personal injury
2  torts governs civil rights claims brought pursuant to 42 U.S.C.
3  section 1983. Wilson v. Garcia, 471 U.S. 261, 275 (1985). Prior to
4  January 1, 2003, the statute of limitations for personal injury torts
5  in California was one year. See former Cal. Code Civ. Proc. § 340(c).
6  As of January 1, 2003, the statute of limitations for personal injury
7  torts became two years. See Cal. Code of Civil Procedure § 335.1.
8  However, the new two-year statute does not revive claims as to which
9  the one-year statute expired prior to January 1, 2003. See Jones v.
10 Blanas, 393 F.3d 918, 927 (9th Cir. 2004), cert. denied, 546 U.S. 820
11 (2005); Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004),
12 cert. denied, 544 U.S. 968 (2005).

14 The ADA and the Rehabilitation Act do not contain specific remedy
15 provisions or a specific statute of limitations. The ADA provides
16 that the "remedies, procedures, and rights" set forth in the
17 Rehabilitation Act apply to Title II ADA claims. 42 U.S.C. § 12133.
18 In turn, the Rehabilitation Act incorporates for section 504 claims
19 the "remedies, procedures, and rights" provided in Title VI of the
20 Civil Rights Act of 1964, 42 U.S.C. section 2000d et seq. 29 U.S.C.
21 § 794a(2). Title VI claims are governed by the same statute of
22 limitations applicable to section 1983 claims, i.e., the state
23 personal injury statute. Taylor v. Regents of the Univ. of Calif.,
24 993 F.2d 710, 712 (9th Cir. 1993), cert. denied, 510 U.S. 1076 (1994).
25 Accordingly, courts in this circuit have applied the California
26 personal injury statute of limitations to ADA and Rehabilitation Act
27 section 504 claims. See, e.g., Pickern v. Holiday Quality Foods Inc.,
28 293 F.3d 1133, 1137 & n.2 (9th Cir.), cert. denied, 537 U.S. 1030

1   (2002) (assuming without deciding that personal injury statute applies
2   to ADA claim); Douglas v. Cal. Dep't of Youth Authority, 271 F.3d 812,
3   823 & n.11 (9th Cir. 2001), amended on other grounds, 271 F.3d 910
4   (9th Cir. 2001), cert. denied, 536 U.S. 924 (2002) (Rehabilitation Act
5   claim); J.W. ex rel. J.E.W. v. Fresno Univ. Sch. Dist., 570 F. Supp.
6   2d 1212, 1222 (E.D. Cal. 2008) (Rehabilitation Act claim); Wood v.
7   Vista Manor Nursing Center, 2006 WL 2850045, at *6 (N.D. Cal. Oct. 5,
8   2006) (ADA claim); Scott v. Garcia, 370 F. Supp. 2d 1056, 1064-65
9   (S.D. Cal. 2005) (ADA claim); see also Daviton v. Columbia/HCA
10  Healthcare Corp., 241 F.3d 1131, 1136 & n.8 (9th Cir. 2001) (en banc)
11  (declining to determine issue whether personal injury statute applies
12  to Rehabilitation Act claim, but noting district court cases doing
13  so); but see Kramer v. Regents of the Univ. of Calif., 81 F. Supp. 2d
14  972, 977-78 (N.D. Cal. 1999) (applying California's three-year statute
15  for actions "upon a liability created by statute" to ADA and
16  Rehabilitation Act claims).

18      Federal law determines when a claim accrues. See Elliott v. City
19  of Union City, 25 F.3d 800, 801-02 (9th Cir. 1994); Daviton v.
20  Columbia/HCA Healthcare Corp., 241 F.3d at 1136; J.W. ex rel. J.E.W.
21  v. Fresno Univ. Sch. Dist., 570 F. Supp. 2d at 1222. Generally, a
22  claim accrues when the plaintiff knows or has reason to know of the
23  injury which is the basis of the claim. Morales v. City of Los
24  Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000).

26      Defendants contend that Plaintiff's first alleged injury occurred
27  on September 11, 1998 (Motion, p. 7). However, according to the
28  Second Amended Complaint, on January 5, 1998, Plaintiff was

transferred from the custody of the California Department of Corrections to the Los Angeles County Jail pending a civil commitment hearing under California's Sexually Violent Predators Act (Second Amended Complaint, p. 2). Plaintiff alleges that he was released on April 13, 1999 (id.). Thus, the face of the Second Amended Complaint shows that the statute of limitations was tolled by Plaintiff's continuous incarceration until April 13, 1999. See Jones v. Blanas, 393 F.3d at 928-30.

In his Objection, Plaintiff appears to suggest that some or all of his claims did not accrue until Plaintiff allegedly underwent surgery on October 27, 1999, or alternatively was discharged from the hospital on November 2, 1999 (Objection, pp. 7-8). However, "[u]nder the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." Wallace v. Kato, 549 U.S. 384, 391 (2007) (citations omitted); see also Portillo v. Khatri, 2009 WL 102729, at *7 (S.D. Cal. Jan. 13, 2009). Here, Plaintiff knew or should have known of the injury forming the basis for his claims no later than the date of his release on April 13, 1999. Under the then-applicable statute of limitations, Plaintiff had one year from April 14, 1999 to file this action. Plaintiff failed to do so.

Where an indigent plaintiff submits to the court a complaint and an in forma pauperis application, courts deem the complaint constructively filed, for limitations purposes, on the date of

receipt, as long as the court grants the request to proceed in forma pauperis. See McGill v. U.S. Express Truck Co., 290 Fed. App'x 373, 374 (1st Cir. 2008); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Jarrett v. US Sprint Communications Co., 22 F.3d 256, 259 (10th Cir.), cert. denied, 513 U.S. 951 (1994); Ynclan v. Dep't of Air Force, 943 F.2d 1388, 1393 (5th Cir. 1991). The Complaint bears a stamp indicating it was lodged in this Court on June 2, 2000. Nothing in the record indicates that the Court received the Complaint earlier than that date. Therefore, the Court deems the Complaint to have been filed on June 2, 2000.

The Complaint bears a signature date of April 13, 2000. If the Plaintiff had filed the Complaint on April 13, 2000, the Complaint would have been timely. Under the "prison mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date that the prisoner delivered the pleading to prison authorities for mailing, rather than the date on which the pleading may have been received by the court. Houston v. Lack, 487 U.S. 266, 270 (1988). This rule does not aid Plaintiff, however. According to the Second Amended Complaint, Plaintiff was not incarcerated on April 13, 2000; rather Plaintiff allegedly was released on April 13, 1999, and the Complaint lists a street address as Plaintiff's residence (see Complaint, p. 3). Therefore, the face of the Second Amended Complaint suggests that the "prison mailbox rule" does not apply.

In sum, on the face of the Second Amended Complaint, the statute of limitations commenced running on April 14, 1999 and expired on April 14, 2000. As indicated above, because the statute of

limitations expired prior to January 1, 2003, the new two-year statute of limitations does not apply. Absent additional tolling, the action is untimely.

State law determines the applicability of tolling doctrines for purposes of section 1983 claims. See Hardin v. Straub, 490 U.S. 536, 539 (1989); Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999), cert. denied, 529 U.S. 1117 (2000) (citation omitted). The pleadings state no basis for equitable tolling.[2] Although the Court may consider allegations in Plaintiff's Opposition in deciding whether to grant leave to amend, see Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), Plaintiff does not allege any facts in his Opposition showing a basis for equitable tolling prior to the expiration of the limitations period.

Moreover, Plaintiff's litigation history dispels any suggestion that Plaintiff was unable to prepare and file this action within one year following April 14, 1999. First, the Complaint, signed

---

[2] Indeed, Plaintiff alleges that, following his release on April 13, 1999, Plaintiff "has remain[ed] drug-free for ten (10) years now enjoying his relationship with [his family]" (Second Amended Complaint, p. 2; original emphasis). Nothing in the Second Amended Complaint impugns Plaintiff's ability to prepare and file a civil rights complaint during the year following his release from jail on April 13, 1999.

9

1  April 13, 2000, evidently was prepared within one year following
2  April 14, 1999.  Plaintiff simply failed to file the Complaint until
3  weeks after the Complaint was prepared and signed.  Additionally,
4  Plaintiff indicates that he filed a civil rights action in 1997 in the
5  United States District Court for the District of Nevada, and that an
6  appeal in that case was pending (see Complaint, p. 1; First Amended
7  Complaint, pp. 1-2).  The Court takes judicial notice of the Ninth
8  Circuit's docket in St. Amand v. Angelone, Ninth Circuit case number
9  97-15521.  See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649
10 (9th Cir. 1988) (court may take judicial notice of court records).[3]
11 The docket shows that Plaintiff filed notices of change of address in
12 the Ninth Circuit on April 26, 1999, June 9, 1999 and August 11, 1999.
13 These filings confirm that Plaintiff was capable of preparing and
14 filing court documents during the period between April 14, 1999 and
15 April 13, 2000.

       In sum, neither face of the Second Amended Complaint nor matters
judicially noticed show any basis for equitable tolling.

       In his Objection, Plaintiff asserts an entitlement to equitable
tolling on various grounds.  Plaintiff also asserts a new allegation
that, following his release from jail on April 13, 1999, Plaintiff was
housed at a halfway house for two months (Objection, p. 5).  These
allegations do not appear in the Second Amended Complaint, and hence
cannot save that pleading from dismissal.  However, the Court will

---

[3]     The Ninth Circuit docket is available on the PACER database at www.pacer.uspci.uscourts.gov.

1 | grant Plaintiff leave to amend so that Plaintiff may attempt to plead
2 | facts supporting the alleged timeliness of Plaintiff's claims. <u>See</u>
3 | <u>Broam v. Bogan</u>, 320 F.3d at 1026 n.2.
4 |
5 | **CONCLUSION AND ORDER**
6 |
7 | For all of the foregoing reasons, the Second Amended Complaint is
8 | dismissed with leave to amend. If Plaintiff still wishes to pursue
9 | this action, he is granted thirty (30) days from the date of this
10 | Memorandum and Order within which to file a Third Amended Complaint.
11 | The Third Amended Complaint shall be complete in itself. It shall not
12 | refer in any manner to any prior complaint. <u>See</u> Fed. R. Civ. P. 21.
13 | Plaintiff shall set forth his claims for relief separately and shall
14 | identify each Defendant sued on each claim for relief. <u>See</u> Fed. R.
15 | Civ. P. 10(a), (b). Plaintiff must plead facts supporting the alleged
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

timeliness of his claims. Failure to file timely a Third Amended Complaint in conformity with this Memorandum and Order may result in the dismissal of this action.

IT IS SO ORDERED.

DATED: _____4/29_____, 2009.

_____
TERRY J. HATTER JR.
UNITED STATES DISTRICT JUDGE

Presented this 7th day of April, 2009, by:

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE